# MATTER OF R-O-

## In Deportation Proceedings

### A-28779166

### *Decided by Board April 22, 1992*

(1) A guerrilla organization's attempt to coerce a person into performing military service does not, without more, constitute persecution on account of political opinion. *INS v. Elias Zacarias*, 502 U.S. 478, (1992), followed.

(2) A victim of forced recruitment must show that he is being persecuted on account of his political opinion, and that his persecution is not solely the result of the guerrillas' aim in seeking to fill their ranks in order to carry out their war with the government and pursue their political goal, their political motive being irrelevant. *INS v. Elias Zacarias, supra,* followed.

(3) The respondent has not established a well-founded fear of persecution by the Government of El Salvador on account of political opinion due to his involvement with the guerrillas, where the Government does have the legitimate right to investigate the respondent regarding his suspected activities on behalf of the guerrillas and to criminally prosecute and punish him under its laws for any activities found to be illegal, and there is no evidence that the respondent has received any threats from the Government on the grounds of political opinion, or otherwise. *Blanco-Lopez v. INS*, 858 F.2d 531 (9th Cir. 1988), distinguished.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Antonio G. Bueno, Esquire
Bueno and Dresselhaus
853 W. Washington Boulevard
Los Angeles, California 90015

ON BEHALF OF SERVICE:
Robert Bryant
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated July 2, 1991, an immigration judge found the respondent deportable as charged under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1988), as an alien who had entered the United States without inspection. The immigration judge also denied the respondent's applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Act, 8 U.S.C. §§ 1158(a) and 1253(h) (1988). However,

the immigration judge granted his application for voluntary departure under section 244(e) of the Act, 8 U.S.C. § 1254(e) (1988). The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a 32-year-old native and citizen of El Salvador, who entered the United States without inspection on November 14, 1990. At his deportation hearing, he admitted the factual allegations contained in the Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221 S) and conceded his deportability as charged. The Board finds that the respondent's deportability under section 241(a)(2) of the Act, as an alien who had entered the United States without inspection, has been established by clear, unequivocal, and convincing evidence as required by *Woodby v. INS*, 385 U.S. 276 (1966), and 8 C.F.R. § 242.14(a) (1991). The only issues on appeal are whether the immigration judge properly denied the applications for asylum and withholding of deportation.

The respondent claims a fear of persecution by the El Salvadoran guerrilla group known as the Farabundo Marti Front for the National Liberation ("FMLN"). According to the respondent's testimony, he first associated with the FMLN in 1988, when he was a student at the University in San Salvador, where he participated in meetings and in the distribution of guerrilla propaganda. The respondent explained that he met his guerrilla contacts through his classes at the University, but only knew their first names, except for one of the four he had contact with, whom he referred to by his last name. The respondent stated that he continued his association with the guerrillas until approximately June 1990. At that time, the respondent decided to cease his involvement with the group because he did not wish to participate in more vigorous activities, such as those involving weapons, and because he worried about being detected by the Government. The respondent stated that upon his withdrawal, the guerrillas threatened to kill him, and shortly thereafter he resigned from the University and from his job in July 1990. He recalled being threatened twice face-to-face, and once via the telephone while at his place of employment. The respondent stated that he then moved to San Miguel and prepared to depart for the United States. He noted that he feared that the guerrillas would kill him upon his return because of his knowledge about the FMLN, which he could relay to the Government. The respondent also revealed that his parents and a number of his siblings live in San Salvador, and that the guerrillas have not sent any threats to his home. He also expressed fear of the military due to his past guerrilla involvement.

As allowed for by 8 C.F.R. § 208.11 (1991), the record includes an advisory opinion, dated May 17, 1991, from the United States

Department of State Bureau of Human Rights and Humanitarian Affairs ("BHRHA"). In the opinion, the BHRHA stated that it had no factual information pertaining to the respondent.

The immigration judge denied the applications for asylum and withholding of deportation, finding that the respondent had not established a well-founded fear of persecution on account of one of the five grounds enumerated in the Act. The immigration judge noted that he did not find the testimony of the respondent plausible and pointed out the respondent's failure to know the last names of the guerrillas with whom he had contact.

On appeal, the respondent states that he established a well-founded fear of persecution on the grounds of political opinion, and that he was singled out by the guerrillas for his refusal to continue to collaborate with them. The respondent further notes that he testified at the hearing that it was common for persons involved in the guerrilla movement not to reveal or discuss last names, and therefore this was not a legitimate basis for discounting his credibility.

The respondent bears the evidentiary burdens of proof and persuasion in any application for withholding of deportation under section 243(h) or asylum under section 208 of the Act. 8 C.F.R. §§ 208.13(a), 208.16(b), 242.17(c) (1991); *Matter of Acosta,* 19 I&N Dec. 211 (BIA 1985), *modified on other grounds, Matter of Mogharrabi,* 19 I&N Dec. 439 (BIA 1987).

In order to qualify for withholding of deportation, an alien must show that his life or freedom would be threatened in the country of deportation on account of his race, religion, nationality, membership in a particular social group, or political opinion. Section 243(h)(1) of the Act. In order to make this showing, the alien must establish a "clear probability" of persecution on account of one of these enumerated grounds. *INS v. Stevic,* 467 U.S. 407, 413 (1984). This clear probability standard requires a showing that it is more likely than not an alien would be subject to persecution. *Id.* at 429-30; *see also* 8 C.F.R. § 208.16(b)(1) (1991). If the alien is determined to have suffered such persecution in the past, it shall be presumed that his life or freedom would be threatened on return to that same country unless a preponderance of the evidence establishes that conditions in that country have changed to such an extent that it is no longer more likely than not that the alien would be persecuted there. 8 C.F.R. § 208.16(b)(2) (1991).

In order to establish eligibility for a grant of asylum, an alien must demonstrate that he is a "refugee" within the meaning of section 101(a)(42)(A) of the Act, 8 U.S.C. § 1101(a)(42)(A) (1988). That definition includes the requirement that an alien demonstrate that he is unwilling or unable to return to his country because of persecution

or a "well-founded fear" of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See also* 8 C.F.R. § 208.13(b)(2) (1991). In *INS v. Cardoza Fonseca*, 480 U.S. 421 (1987), the United States Supreme Court held that the clear probability of persecution standard employed for withholding of deportation under section 243(h) of the Act is significantly different from the well-founded fear of persecution standard used for asylum under section 208 of the Act, and that the well-founded fear standard requires a lesser degree of proof than the clear probability standard. *Id.*

In light of the Supreme Court's decision, this Board held that an applicant for asylum has established a well-founded fear of persecution if he shows that a reasonable person in his circumstances would fear persecution. *Matter of Mogharrabi, supra.* A reasonable person may well fear persecution even where its likelihood is significantly less than clearly probable. *Id.* However, there must be a reasonable possibility of actually suffering such persecution. 8 C.F.R. § 208.13(b)(2) (1991). The applicant must show that his fear of persecution is both subjectively genuine and objectively reasonable. *Blanco-Comarribas v. INS*, 830 F.2d 1039 (9th Cir. 1987); *Sanchez-Trujillo v. INS*, 801 F.2d 1571 (9th Cir. 1986). The objective component requires a showing by credible, direct, and specific evidence in the record of facts that would support a reasonable fear that the applicant faces persecution. *Diaz-Escobar v. INS*, 782 F.2d 1488 (9th Cir. 1986). In view of this standard of proof, there must be a showing that (1) the alien possesses a belief or characteristic a persecutor seeks to overcome in others by means of punishment of some sort; (2) the persecutor is aware or could become aware that the alien possesses this belief or characteristic; (3) the persecutor has the capability of punishing the alien; and (4) the persecutor has the inclination to punish the alien. *Matter of Mogharrabi, supra.*

A respondent may also establish statutory eligibility for asylum by demonstrating that he was persecuted in the past on account of political opinion or any of the other grounds enumerated in the Act for which asylum may be granted. 8 C.F.R. § 208.13(b)(1) (1991); *Matter of Chen*, 20 I&N Dec. 16 (BIA 1989).

In the case at hand, the Board concludes that the respondent has not established past persecution or a well-founded fear of persecution on account of any of the grounds enumerated in the Act for which asylum may be granted. The respondent alleges that he fears persecution by the guerrillas on account of his political opinion. However, even assuming the truthfulness of his claims regarding guerrilla threats, the respondent has not proven that the threat of harm was made by the guerrillas on account of a political opinion held by him underlying his

458

refusal to continue to participate in guerrilla activities. He has only established that the threats were made solely on account of his refusal to continue his participation. In *INS v. Elias Zacarias*, 502 U.S. 478, (1992), the Supreme Court held that a guerrilla organization's attempt to coerce a person into performing military service does not, without more, constitute persecution on account of political opinion. *See also Perlera-Escobar v. EOIR*, 894 F.2d 1292 (11th Cir. 1990); *Matter of Vigil*, 19 I&N Dec. 572 (BIA 1988). In the respondent's case, he stated that he left the guerrillas because he did not want to be involved in more complex activities, particularly armed conflict, and because of his fear that he would be discovered by the Government. Neither reason is related to political opinion. The victim must show that he is being persecuted on account of his political opinion, and that his persecution is not solely the result of the guerrillas' aim in seeking to fill their ranks in order to carry out their war with the government and pursue their political goal, their political motive being irrelevant. *INS v. Elias Zacarias, supra*. Therefore, we find that the respondent is ineligible for asylum based on his claim of persecution by the guerrillas.[1]

At the hearing, the respondent expressed some fear that he would be persecuted by the army due to his involvement with the guerrillas. However, the record is devoid of any facts which even remotely suggest that the respondent has received any threats from the Government due to his involvement with the guerrillas, or that the Government is even aware of his past involvement. Further, we note that the Government does have the legitimate right to investigate the respondent regarding his suspected activities on behalf of the guerrillas, and to criminally prosecute and punish him under its laws for any activities found to be illegal. *Perlera-Escobar v. EOIR, supra*. In the case of *Blanco-Lopez v. INS*, 858 F.2d 531 (9th Cir. 1988), the court held that persecution within the meaning of the statute may be found where harm is inflicted by the government on the basis of a political belief rather than in furtherance of criminal prosecution. However, we again note that there is no evidence that the respondent has received any threats from the Government on the grounds of political opinion, or otherwise.

Inasmuch as the respondent has failed to satisfy the lower burden of proof required for asylum, it follows that he has also failed to satisfy the clear probability standard of eligibility required for withholding of

---

[1] The immigration judge found the respondent's testimony implausible because he did not know the last names of the guerrillas involved. Because we have found the respondent ineligible for relief on other grounds, we need not evaluate this credibility determination.

deportation. *See Matter of Mogharrabi, supra.* The evidence does not establish that it is more likely than not that the respondent would be subject to persecution on account of one of the five grounds specified in section 243(h) of the Act. *See INS v. Stevic, supra.* We therefore conclude that the respondent is statutorily ineligible for asylum and for withholding of deportation. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order and in accordance with our decision in *Matter of Chouliaris,* 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and, in the event of his failure to so depart, the respondent shall be deported as provided in the immigration judge's order.